UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD HARBUS,<br><br>         Plaintiff,<br><br> - against -<br><br>BLACK ENTERTAINMENT TELEVISION, LLC<br><br>         Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Richard Harbus ("Harbus" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Black Entertainment Television, LLC ("BET" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of four copyrighted images of a food cart serving free food to African Americans, owned and registered by Harbus, a New York City based photojournalist. Accordingly, Harbus seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Harbus is a professional photojournalist in the business of licensing his Photographs to online, print, and television stations for a fee, having a usual place of business at 119 Tappan Landing Road, Tarrytown, New York, 10591.

6. Upon information and belief, BET is a foreign business limited liability corporation duly organized and existing under the laws of the District of Columbia, with a place of business at 1540 Broadway, 27th Floor, New York, New York 10036. Upon information and belief, BET is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, BET has owned and operated a website at the URL: www.BET.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photographs**

7. Harbus photographed a food cart that was providing free food to African Americans (the "Photographs"). True and correct copies of the Photographs are attached hereto as Exhibit A.

8. Harbus is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9. The Photographs are registered with the United States Copyright Office and was given registration number VA 2-036-481.

**B.  Defendant's Infringing Activities**

10. Upon information and belief, on or about February 24, 2017, BET ran an article on the Website entitled *'Free Food For Black People'- New York Food Cart Causes Controversy For Only Serving Free Food to POC*. See http://www.bet.com/video/news/national/2017/food-cart-causes-outrage-for-only-serving-free-food-to-poc.html. The article prominently featured the Photographs on a video. Screen Shots of the article with the Photographs and the video on a CD are attached hereto in Exhibit C.

11. BET did not license the Photographs from Plaintiff for its article, nor did BET have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST BET)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. BET infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. BET is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by BET have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

18.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

19.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST BET
## (17 U.S.C. § 1202)

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21.     Upon information and belief, BET copied the Photographs from an article on the New York Post website where there was a gutter credit under the Photographs that stated Richard Harbus. This is considered copyright management information. See Exhibit C.

22.     Upon information and belief, BET copied the Photographs from the New York Post website and pasted it on the Website and it did not credit Plaintiff as the Photographer of the Photographs.

23.     Upon information and belief, BET intentionally and knowingly removed copyright management information identifying Plaintiff and the photographer of the Photographs.

24.     The conduct of BET violates 17 U.S.C. § 1202(b).

25. Upon information and belief, BET removal of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

26. Upon information and belief, the removal of said copyright management information was made by BET intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. BET also knew, or should have known, that such removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs.

27. As a result of the wrongful conduct of BET as alleged herein, Plaintiff is entitled to recover from BET the damages, that she sustained and will sustain, and any gains, profits and advantages obtained by BET because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

28. Alternatively, Plaintiff may elect to recover from BET statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant BET be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of

Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's removal of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of removal of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
      April 17, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com
*Attorneys for Plaintiff Richard Harbus*